## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH MIXEN,

               **Plaintiff,**

v.                                                            Case No. 3:24-CV-1471-NJR

NAVIENT SOLUTIONS, LLC,
and TRANS UNION, LLC,

               **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Navient Solutions, LLC ("Navient"). (Doc. 64). Defendant Trans Union, LLC, has joined in Navient's motion and adopted its arguments. (Docs. 65, 68). Plaintiff Joseph Mixen ("Mixen") filed a response in opposition (Doc. 66), and Navient filed a reply (Doc. 67). For the following reasons, the Motion to Dismiss is granted in part and denied in part.

### BACKGROUND

The following facts are derived from the Second Amended Complaint and its attachments (Docs. 62, 62-1) and are taken as true for the purposes of Navient's Motion to Dismiss.

Prior to 2019, Mixen had eight student loans serviced by Navient. (*Id.* at ¶ 7). Six of the loans were private loans, while the remaining two were Federal Family Education Loans ("FFEL Loans"). (Doc. 62 at pp. 6, 14, 25, 34, 45, 56, 65, 72). The loans financed

Mixen's attendance at ITT Technical Institute ("ITT Tech"). (Doc. 66 at p. 2).

On August 27, 2019, Mixen filed for bankruptcy under Chapter 13 of the Bankruptcy Code. (*Id.* at ¶ 9). Navient filed Proofs of Claim on its eight loans in Mixen's bankruptcy case. (*Id.* at ¶ 10).

On October 20, 2022, Mixen received an email from the U.S. Department of Education indicating Mixen's federal loans funding his education at ITT Tech were eligible for full loan discharge as part of a borrower defense program due to ITT Tech's widespread misconduct violating consumer protection laws. (*Id.* at ¶ 8; Doc. 62-1 at pp. 17-18). The email further stated, in relevant part, "**Please note:** Borrower defense to repayment does not apply to any private student loans you may have." (*Id.* at p. 17). Navient subsequently withdrew its Proofs of Claim for Mixen's two FFEL Loans, but did not withdraw its Proofs of Claim for the six private loans. (Doc. 62 at ¶ 13).

In the bankruptcy court, Mixen objected to Navient's Proofs of Claim for the six private loans. (*Id.* at ¶ 11). Mixen claimed that ITT Tech had committed breach of contract and/or fraud, and loans relating to the school had been discharged by the Department of Education under its borrower defense program. (*Id.* at ¶ 11). Navient did not respond to Mixen's objections.

Mixen asserts that the bankruptcy court then entered orders confirming that with respect to the six private loans, nothing more was owed beyond what the bankruptcy trustee had already paid. (*Id.* at ¶ 12). The orders, attached as exhibits to Mixen's Second Amended Complaint, stated: "No response having been filed by Creditor, IT IS ORDERED that the Debtor's objection is SUSTAINED. Claim [] is allowed in the amount

of [], which represents the amount previously paid by the Trustee, and the balance of Proof of Claim [] is DISALLOWED. (Doc. 62-1).

Mixen alleges that, because the Proofs of Claim were disallowed, all of his loans—including his six private loans—should have been either deleted or reported by Navient under code DA, which is a special code for discharges based on the closed school borrower defense, with a zero balance. (*Id.* at ¶ 14). Yet, Navient continued to report to the credit bureaus that the six private loans were charged off with substantial amounts owing. (*Id.* at ¶ 15).

On April 9, 2024, Mixen, through counsel, sent the three credit bureaus a letter demanding correction of his reports, with copies to Navient. (*Id.* at ¶ 16). The credit bureaus contacted Navient while investigating the dispute, but Navient verified that its reporting was correct. (*Id.* at ¶¶ 17-18). As of June 7, 2024, the loans continued to appear on Mixen's credit reports. (*Id.* at ¶ 20).

Mixen initiated this action on June 10, 2024, and is now proceeding on the Second Amended Complaint. (Doc. 62). In Count I, Mixen asserts that Trans Union violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681i, in that it willfully or negligently failed to take reasonable measures to investigate his dispute and failed to correct his credit report. In Count II, Mixen claims that Navient violated the FCRA, § 1681s-2(b) by failing to reasonably investigate his dispute and providing false information to the credit bureaus when they contacted Navient in the course of investigating his complaints. Finally, in Count III, Mixen seeks declaratory and injunctive relief as to Navient in the form of a finding that any action on the loan agreements is barred by the breach of

contract and/or fraud committed by ITT Tech.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The Court accepts as true the complaint's well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013). To survive a Rule 12(b)(6) motion, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.*

In evaluating a complaint on a motion to dismiss, "district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim.'" *Esco v. City of Chicago*, 107 F.4th  673, 678 (7th Cir. 2024) (quoting *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)). Thus, a court may review exhibits attached to the complaint or referenced in the pleading if they are central to the claim. *Id.*

## DISCUSSION

### I.    Counts 1 and 2: Fair Credit Reporting Act

Navient[1] first asserts that Mixen has failed to state a valid FCRA claim. The Seventh Circuit has adopted two threshold requirements for a claim under § 1681s-2(b). First, "[t]he plaintiff must make a prima facie showing that the data furnisher provided

---

[1] As noted above, Defendant Trans Union has joined in Navient's motion and adopted its arguments.

incomplete or inaccurate information." *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 775 (7th Cir. 2023). Second, the plaintiff must demonstrate "that the incompleteness or inaccuracy was the product of an unreasonable investigation—that is, had the furnisher conducted a reasonable investigation, it would have discovered that the data it provided was incomplete or inaccurate." *Id.* "[I]ncompleteness or inaccuracy under § 1681s-2(b) requires a showing that the information the data furnisher provided was (1) patently incorrect, or (2) materially misleading, including by omission." *Id.* at 776. Materially misleading means misleading in a way that it can be expected to adversely affect credit decisions. *Id.*

*Factual Accuracy of Navient's Report*

Navient challenges only the first prong of the § 1681s-2(b) test, *i.e.*, whether Mixen has alleged adequate facts demonstrating that Navient, as the data furnisher, provided incomplete or inaccurate information to the credit bureaus. Navient asserts that its reporting regarding Mixen's private loans was factually accurate because the loans were not discharged by the Department of Education, and they were not discharged by the bankruptcy court. Accordingly, Mixen cannot establish a *prima facie* claim against Navient for violation of § 1681s-2(b).

Mixen acknowledges that the Department of Education did not directly determine that his private loans did not need to be repaid. (Doc. 66 at p. 4). But he argues that he objected in the bankruptcy court to Navient's Proofs of Claim on the basis that "ITT Technical Institute had been found to be fraudulent by the Department of Education and that he should not have to repay either the federal or the private loans." (Doc. 66 at p. 4).

According to Mixen, the bankruptcy court then "entered orders confirming that with respect to six private loans, nothing more was owed beyond what had already been paid."

In reply, Navient contends that Mixen's objections to Navient's Proofs of Claim in the bankruptcy court were "rooted in an erroneous starting premise." That is, Mixen told the bankruptcy court that the Department of Education determined the loans he received to attend ITT Tech were eligible for full loan discharge under the borrower defense regulations, but he did not specify that only his *federal* loans were eligible for full loan discharge. Indeed, the letter Mixen received from the Department of Education specifically states that the "[b]orrower defense to repayment does not apply to any private student loans you may have." (*Id.*). Thus, Mixen's objections to Navient's Proofs of Claim in the bankruptcy proceeding were inaccurate from the start. Moreover, Navient argues, while the balance of Navient's Proofs of Claim were disallowed by the Bankruptcy Court, the debts themselves were not discharged in bankruptcy. Navient points to the Order of Discharge, signed by U.S. Bankruptcy Judge Laura Grandy on July 13, 2023, which specifically states: "Some debts are not discharged" including "debts for most student loans . . . ." (Doc. 64-2).

"When the bankruptcy court confirms a plan, its terms become binding on debtor and creditor alike." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 502 (2015) (citing 11 U.S.C. § 1327(a)). "Confirmation has preclusive effect, foreclosing relitigation of 'any issue actually litigated by the parties and any issue necessarily determined by the confirmation order.' " *Id.* (quoting 8 Collier ¶ 1327.02[1][c], at 1327–6; *see also United Student Aid Funds,*

*Inc. v. Espinosa*, 559 U.S. 260, 275 (2010) (finding a confirmation order "enforceable and binding" on a creditor notwithstanding legal error when the creditor "had notice of the error and failed to object or timely appeal")). "Subject to certain exceptions, confirmation 'vests all of the property of the [bankruptcy] estate in the debtor,' and renders that property 'free and clear of any claim or interest of any creditor provided for by the plan.'" *Id.* at 502-03 (quoting 11 U.S.C. §§ 1327(b), (c)).

Here, the bankruptcy court confirmed Mixen's Chapter 13 plan on November 19, 2019. *In re Mixen*, Case No. 19-31146-lkg (S.D. Ill. Bankr.), at Doc. 27. It subsequently approved modification of the plan after confirmation pursuant to 11 U.S.C. § 1329 on October 4, 2022, April 26, 2023, and May 30, 2023. *Id.* at Docs. 57, 97, 101. Specifically, the plan was amended on April 26, 2023, "to provide for 100% repayment to allowed non-priority unsecured claims," which included Navient's allowed claims. *Id.* at Docs. 91, 97. At no point did Navient object to the Chapter 13 plan or its proposed amendments, respond to Mixen's objections to its Proofs of Claim, or appeal the bankruptcy court's order confirming Mixen's Chapter 13 plan. Navient is therefore bound by the terms of the Chapter 13 plan.

Navient argues that the bankruptcy court's orders disallowing the remaining balances of its claims did not actually *discharge* the private loans outside of bankruptcy; they merely disallowed further payment on Navient's claims within the bankruptcy proceeding. Navient notes that under 11 U.S.C. § 523(a)(8), an educational loan is not dischargeable in bankruptcy without a finding that the debt would "impose an undue hardship on the debtor and the debtor's dependents," and Bankruptcy Rule 7001(6)

expressly requires an adversary proceeding to determine the dischargeability of a student loan debt. Because that did not happen here, the loans could not have been discharged.

Navient cites to *In re Diaz*, 647 F.3d 1073, 1090 (11th Cir. 2011), where the court explained the difference between claim disallowance and loan discharge. That case, however, involved child-support debt, which the court emphasized is "*not* dischargeable under *any* circumstances in Chapter 13 proceedings." *Id.* at 1089-90 (citation omitted). Student loan debt, on the other hand, *is* dischargeable under certain circumstances. *See* 11 U.S.C. § 523(a)(8). Therefore, the Court is not persuaded by *Diaz*.

Additionally, nowhere in the confirmed plan or its subsequent amendments does it state that the balance of Navient's disallowed claims would be excepted from discharge. *See In re Mixen*, Case No. 19-31146-lkg (S.D. Ill. Bankr.). Mixen's confirmed Chapter 13 plan did not provide for the further payment of any Navient loans, and the bankruptcy court entered an Order of Discharge on July 13, 2023. *Id.* at Doc. 110. The Trustee's Final Report and Account, filed on September 6, 2023, lists the six Navient claims, the amount of the claim asserted, the amount of the claim allowed, and the principal paid. *Id.* at Doc. 113. The trustee further certified that Mixen paid the principal of all general unsecured payments and that the estate was fully administered. *Id.*

The Court acknowledges that the Order of Discharge states, "Some debts are not discharged" including "debts for most student loans." Furthermore, the Bankruptcy Code requires a debtor to show that excepting the debt from discharge "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The Bankruptcy Rules further "require bankruptcy courts to make this undue hardship

determination in an adversary proceeding, which the party seeking the determination must initiate by serving a summons and complaint on his adversary." *Espinosa*, 559 U.S. at 263–64 (2010) (internal citations omitted). And, Mixen was clearly not forthcoming with the bankruptcy court in his objections to Navient's Proofs of Claim.

Navient, however, has not identified any authority that would allow this Court to collaterally review an order of the bankruptcy court. If Navient had an issue with Mixen's objections or the bankruptcy court's decisions or procedures, it should have raised those issues in the bankruptcy or filed an appeal. Whether the bankruptcy court's orders disallowing the balance of Navient's claims were erroneous, or based on an erroneous factual premise, is not an issue for this Court to decide. Navient cannot use this FTCA action to relitigate its claims or assert any errors by the bankruptcy court.

Because Mixen has made a *prima facie* showing that Navient provided incomplete or inaccurate information when it reported Mixen's loans as charged off with substantial amounts owing, despite the bankruptcy court's Order of Discharge, the Court declines to dismiss Counts I and II of the Second Amended Complaint.

## II.    Count III: Declaratory Judgment

Navient also argues that Mixen has failed to state a claim for declaratory judgment. In Count III, Mixen asks this Court to declare that the private loans Navient seeks to collect are not legally enforceable due to ITT Tech's breach of contract and/or fraud, pursuant to 16 C.F.R § 433.2, also known as the "Holder Rule."

The Federal Trade Commission's Holder Rule requires a seller that offers credit to finance consumer purchases to include the following notice in their credit contracts:

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT
TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD
ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED
PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY
HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID
BY THE DEBTOR HEREUNDER.

16 C.F.R § 433.2. The rule allows a consumer to assert any claim or defense against the

creditor that he would have against the seller. *See Smith v. ComputerTraining.Com, Inc.,* 531

F. App'x 713, 714 (6th Cir. 2013).

Mixen claims that, under the Holder Rule, the holder of a loan agreement is subject

to the debtor's defenses to repayment. (Doc. 62 at ¶ 42). Mixen alleges that the

Department of Education's determination that ITT Tech "engaged in widespread

misconduct that violate[d] consumer protection laws under the borrower defense

regulations," as to his federal loans provides "an indisputable basis for a finding that

Plaintiff's loans are not enforceable and no debt is owed." (*Id.* at ¶ 48). Mixen asks the

Court to declare that he is not obligated to make any further payments on his private

loans, to enjoin Navient from attempting to collect money from him, and to award costs.

In its Motion to Dismiss, Navient argues that although Mixen has styled his claim

as one for declaratory judgment, what he is really seeking is a finding that ITT Tech

committed breach of contract and/or fraud, which can then be passed on to Navient as

the holder of the contract. Yet, Mixen made no effort whatsoever to allege that ITT Tech

committed breach of contract or fraud. Navient asserts that nothing in the Holder Rule

gives Mixen the unilateral right to affirmatively declare entitlement to a discharge and to

seek court approval through a declaratory judgment action. Rather, Mixen is seeking "nothing more than an improper advisory opinion as to his potential defenses in case NSL files a collections case against him in the future." (Doc. 64-1 at p. 19).

In response, Mixen asserts that plaintiffs frequently seek declaratory judgments to establish a defense and head off a claim, such as when insurance companies seek declarations that they are not obligated to defend or indemnify claims against their insureds. Thus, his claim for declaratory judgment is not a request for an advisory opinion.

Mixen's argument is foreclosed by Seventh Circuit and Supreme Court precedent. Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019). "The phrase 'case of actual controversy' in the Declaratory Judgment Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *Id.* (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). "The requirements of the Act and those of Article III are therefore coextensive." *Id.*

A declaratory judgment action such as the claim alleged here is "ripe and otherwise justiciable when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *MedImmune*, 549 U.S. at 127). There must be a "definite and concrete," "real and substantial" dispute that "touches the legal relations of parties having adverse legal interests" and "admits of specific relief through a decree of a conclusive character, as

distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*

Contrary to Mixen's argument, insurance declaratory judgment actions are not advisory opinions. Instead, "[t]hose cases teach that a live dispute between an insurer and its insured over the insurer's duties to defend and indemnify the insured against its victim's tort claims is also a live dispute between each of them and the victim." *Id.* at 378. What Mixen is asking the Court to do, however, is to pre-determine the outcome of his breach of contract and/or fraud claims against Navient should it, as the holder of the consumer contract, decide to file a collections action against him in the future. This potential action is not sufficiently immediate to warrant the issuance of a declaratory judgment.

Even if the issue were ripe for a declaratory judgment, Mixen has not alleged any facts that demonstrate how, under Illinois law, he has a viable breach of contract and/or fraud claim against ITT Tech that could be passed onto Navient under the Holder Rule. Instead, Mixen alleges in a conclusory manner that because his federal loans were eligible for discharge due to ITT Tech's misconduct, his private loans issued by Navient should also be discharged. These allegations are insufficient to establish a breach of contract and/or fraud claim against ITT Tech.

For these reasons, Mixen's claim for declaratory judgment in Count III is dismissed.

## Conclusion

For the reasons stated above, the Motion to Dismiss filed by Defendant Navient

Solutions, LLC, is **GRANTED in part and DENIED in part**. Count III of the Second Amended Complaint is **DISMISSED without prejudice**.

The previously imposed stay on discovery (Doc. 52) is hereby **LIFTED**. The parties shall email the Court a proposed Amended Scheduling Order on or before **December 23, 2025**.

**IT IS SO ORDERED.**

**DATED:   December 9, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**